UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:14-cv-1613-T-30TBM

MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY,

    Plaintiff,

vs.

MARK DEBEE,

    Defendant.
_____/

## Default Final Judgment

This matter is before the Court upon Plaintiff Massachusetts Mutual Life Insurance Company's Motion for Entry of Default Final Judgment and Incorporated Memorandum of Law (Dkt. # 10) (the "Motion"). The Court has reviewed the Motion, the affidavit, the exhibits attached to the affidavit, the entire court file, and is otherwise fully advised in the premises.

### A. Procedural History

On July 1, 2014, MassMutual filed a Complaint against Defendant, Mark DeBee ("DeBee" or "Defendant"), alleging that, based on DeBee's representations, MassMutual overpaid disability benefits to DeBee [DE 1]. On July 15, 2014, DeBee was served with a summons and a copy of the Complaint [DE 6]. Pursuant to Rule 12, Fed.R.Civ.P., DeBee was required to file a pleading in response to the Complaint within 21 days of being served with the Complaint. Defendant's response to the Complaint was due on or before August 5, 2014. Defendant did not make an appearance in this action and he failed to serve a

1

responsive pleading or motion within the time and manner provided in Rule 12. On August 7, 2014, MassMutual filed its Motion for Clerk's Entry of Default Against Defendant [DE 7]. On August 7, 2014, the Clerk entered an Entry of Default [DE 8]. On September 10, 2014, MassMutual filed the Motion, which attached the Affidavit of David Burke as an exhibit [DE 10]. The Affidavit of David Burke also attached three exhibits [DE 10-1, pp. 5-17].

**B.  Standard of Review**

A defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact. *Art Schmidlin v. Apex Mortgage Services, LLC*, 2008 WL 976158, *1 (M.D. Fla. 2008), *citing Cotton v. Mass. Mut. Life. Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). In order to obtain a default judgment by the Court, the Court must find that there is a sufficient basis in the pleadings for the judgment to be entered. *Pacific Food Solutions, LLC v. G H Intern., Inc.*, 2014 WL 3646345 *2 (M.D. Fla. 2014). "A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact, and bars the defendant from contesting those facts on appeal." *Id*., *citing Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir.1987).

"While well-pleaded facts in the complaint are deemed admitted, plaintiff's allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages." *Pacific Food Solutions, LLC v. G H Intern., Inc.*, 2014 WL 3646345 *2 (M.D. Fla. 2014), citing *Virgin Records Am., Inc. v. Lacey,* 510 F.Supp.2d 588, 593 n. 5 (S.D.Ala.2007). A hearing is not needed to determine the amount of damages "when the district court already has a wealth of evidence from the party requesting the hearing, such that any additional evidence would

be truly unnecessary to a fully informed determination of damages." *S.E.C. v. Smyth*, 420 F.3d 1225, 1232 (11th Cir. 2005); *see also Wallace v. The Kiwi Group, Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008) ("a hearing is not necessary if sufficient evidence is submitted to support the request for damages.").

**C. Liability**

On August 7, 2014, the Clerk entered the Entry of Default [DE 8]. A defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact. *Art Schmidlin v. Apex Mortgage Services, LLC*, 2008 WL 976158, *1 (M.D. Fla. 2008), *citing Cotton v. Mass. Mut. Life. Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). Here, MassMutual's complaint contains two counts against Defendant: unjust enrichment and restitution [DE 1].

Accepting the well-pled allegations of the Complaint as true, the Court concludes that MassMutual has established claims for unjust enrichment and restitution based on the following facts, which were alleged by MassMutual. MassMutual issued three disability insurance policies to Defendant (the "Policies"). Compl. at ¶ 6. Defendant submitted a claim for total disability benefits, which MassMutual paid from November 2007 through December 2010. Compl. at ¶ 7. Beginning on December 13, 2010, Defendant returned to work, on a reduced basis, and he represented to MassMutual that his employer would pay him an annual salary of $300,000. Compl. at ¶ 8; Affidavit of David Burke at ¶ 6 [DE 10-1] ("Burke Aff."). Defendant provided MassMutual with monthly pay statements reflecting that salary in early 2011. Compl. at ¶ 8; Burke Aff. at ¶ 7.

During April 2011, Defendant completed and submitted to MassMutual a Claimant's Current Occupation Description form, in which he listed his new employer, the

3

hours that he worked per week, and he listed his annual salary as $300,000.  Compl. at ¶ 9; Burke Aff. at ¶ 8, and Exhibit 1 Burke Aff.

Policy numbers 8455006 and 8422179 provide, in pertinent part (Compl. at ¶ 10):

PARTIAL DISABILITY -- The Insured is Partially Disabled if he/she:
- is suffering a current Disability;
- is working at his/her Occupation or another occupation;
- has a Loss of Income of at least 20% of Pre-disability Income;
- can show a Demonstrated Relationship between the Loss of Income and the current Disability; and
- is under a Doctor's Care, unless he/she has reached the Maximum point of recovery.  The Disability will continue when there is no doubt the Insured is Disabled but in the opinion of the Doctor, future or continued treatment would be of no benefit.

CURRENT INCOME -- Income received during a period of Disability for which a benefit is claimed, excluding any amounts earned prior to the start of Disability.

LOSS OF INCOME -- The Insured's Pre-disability Income minus his/her Current Income, calculated on a basis consistent with that used to calculate Predisability Income.

Policy number 839640 provides, in pertinent part (Compl. at ¶ 11):

PARTIAL DISABILITY -- The Insured is Partially Disabled if he/she:
- is suffering from a current Disability;
- is working at his/her Occupation;
- has a Loss of Income;
- is under a Doctor's Care; and
- can show a Demonstrated Relationship between the Loss of Income and the current Disability.

The Disability will continue when there is no doubt the Insured is Disabled but in the opinion of the Doctor, future or continued treatment would be of no benefit.

CURRENT INCOME -- Income received during a period of Disability for which a benefit is claimed, excluding any amounts earned prior to the start of Disability.

LOSS OF INCOME -- The Insured's Pre-disability Income minus his/her Current Income, calculated on a basis consistent with that used to calculate Predisability Income.

4

Based upon Defendant's submissions and representations as to his Current Income, MassMutual approved Defendant for Partial Disability benefits, and the Policies' premiums were waived.  Compl. at ¶ 12.  MassMutual, in reliance upon Defendant's representations, including his representations as to his Current Income, continued to pay Defendant Partial Disability benefits under the three disability policies from January 2011 through December 2012.  Compl. at ¶ 13.

While MassMutual paid Defendant Partial Disability benefits, MassMutual made multiple requests to Defendant during 2011 and 2012 to obtain updated financial information and information concerning Defendant's Current Income.  Compl. at ¶ 14. During approximately January 2013, Defendant provided MassMutual with copies of his pay statements and W-2 statements for calendar years 2011 and 2012.  *Id*.

As part of its claim evaluation, MassMutual reviewed Defendant's pay statements and W-2 statements and discovered a variance between the Current Income amount that Defendant reported to MassMutual during the years 2011 and 2012 (a $300,000 salary per year), and the Current Income reflected on Defendant's pay statements and W-2 statements.  Compl. at ¶ 15; *see also* Burke Aff. at ¶ 11.  These documents reflect that in 2011, in addition to receiving a salary in the amount of $300,000, Defendant received additional compensation in the amount of $169,998.84.  *Id*.; Burke Aff. at ¶ 12. Accordingly, Defendant's gross income for 2011 was $469,998.84.  Burke Aff. at ¶ 12. Similarly, in 2012, in addition to an annual salary of $300,000, Defendant received additional compensation in the amount of $177,633.76.  Burke Aff. at ¶ 13.  Defendant's gross income for 2012 was $477,633.76.  *Id*.  The pay statements and W-2 statements demonstrated that Defendant, by understating his income to MassMutual, received

5

$91,491.98 in disability benefit overpayments during 2011 and 2012. Compl. at ¶ 15; Burke Aff. at ¶ 14-18.

The essential elements of a claim for unjust enrichment are: "(1) a benefit conferred upon a defendant by the plaintiff, (2) the defendant's appreciation of the benefit, and (3) the defendant's acceptance and retention of the benefit under circumstances that made it inequitable for him to retain it without paying the value thereof." *William Ryan Homes Florida, Inc. v. Whitney Nat. Bank*, 2012 WL 4328769 (M.D. Fla. 2012), *citing Vega v. T–Mobile USA, Inc.,* 564 F.3d 1256, 1274 (11th Cir. 2009).

MassMutual alleges that in reliance upon Defendant's representations, MassMutual overpaid Defendant $91,491.98, and Defendant accepted those benefits. Compl. at ¶ 16; Burke Aff. at ¶ 18. Despite MassMutual's demand that he do so, Defendant has failed to repay the overpayment to MassMutual. Compl. at ¶ 16; Burke Aff. at ¶ 19. MassMutual alleges that, as a result of Defendant's failure to fully, properly, and accurately report his Current Income to MassMutual, Defendant's misrepresentations to MassMutual, and Defendant's submission of inaccurate information to MassMutual, Defendant has been unjustly enriched by the receipt of disability benefits to which he is not entitled to under the Policies. Compl. at ¶ 17.

The Court concludes that MassMutual has properly pled a cause of action for unjust enrichment. First, MassMutual conferred a benefit upon Defendant through the payment of disability benefits and the overpayment of $91,491.98 in disability benefits. Compl. at ¶ 21. Second, Defendant appreciated and accepted the benefit that MassMutual conferred upon him by retaining the disability benefit overpayments. Compl. at ¶ 21-23. Third,

6

under the circumstances described above, it would be inequitable for Defendant to retain the disability benefit overpayments. Compl. at ¶ 18, 21-23.

The Court also concludes that MassMutual has properly pled a cause of action for restitution. "Restitution is defined as '[r]eturn or restoration of some specific thing to its rightful owner or status;' 'compensation for benefits derived from a wrong done to another;' 'compensation or reparation for the loss caused to another.'" *Carl v. Republic Sec. Bank*, 282 F. Supp. 2d 1358, 1372 (S.D. Fla. 2003), *citing* Black's Law Dictionary 1315 (7th ed.1999). "The primary purpose of restitution is to restore the plaintiff to the position in which he or she was before the defendant received the benefit which gave rise to the obligation to restore; hence the plaintiff is entitled to recover that which he or she parted with, or that which the defendant has received." *Sun Coast Intern. Inc. v. Dep't of Bus. Regulation, Div. of Florida Land Sales, Condominiums & Mobile Homes*, 596 So. 2d 1118, 1120-21 (Fla. 1st DCA 1992).

MassMutual has established the elements of restitution because, as described above, MassMutual paid Defendant disability benefits that Defendant was not entitled to receive due to Defendant's failure to accurately report his Current Income.

**D. Damages**

"With regard to the measure of damages, the allegations contained in the complaint are not considered admissions by virtue of the default; '[r]ather, the Court determines the amount and character of damages to be awarded.'" *Zambrana v. Geminis Envios Corp.*, No. 08-20546-CIV, 2009 WL 1585995, at *2, (S.D. Fla. June 4, 2009) (citations omitted). "The prevailing plaintiff bears the burden of proving the amount of damages, which may

7

be established either by submitting "sufficient evidence ... to support the request for damages," or, if the documentary evidence is not sufficient, via a hearing on damages." *Id*.

The Court concludes that MassMutual has submitted sufficient evidence to support its claim for damages - *to wit* MassMutual provided the affidavit of David Burke, which sets forth with mathematical precision the exact amount of MassMutual's disability benefit overpayments to Defendant [DE 10-1].  Additionally, Exhibits 2 – 3 to the Burke Affidavit provide specific detail as to the amounts of the disability benefit overpayments for each of the three disability policies [DE 10-1, pp. 9-17].

During the period between January 1, 2011 through December 31, 2012, Defendant received disability benefit overpayments in the following amounts: (1) $69,077.15 with respect to policy number 8455006; (2) $15,941.11 with respect to policy number 8422179; and (3) $6,473.72 with respect to policy number 8389460.  Burke Aff. at ¶ 14.  Thus, the total amount of MassMutual's disability benefit overpayments to Defendant was $91,491.98.

Based on the above, MassMutual has provided competent substantial evidence that its total damages are $91,491.98.  *Adolph Coors Co. v. Movement Against Racism and Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) citing *United Artist Corp. v. Freeman*, 605 F.2d 854 (5th Cir. 1979) (Holding that a judgment of default awarding cash damages may be properly entered without a hearing where the "amount claimed is a liquidated sum or one capable of mathematical calculation."); *see also Wallace v. The Kiwi Grp., Inc.,* 247 F.R.D. 679, 681 (M.D.Fla. 2008) ("a hearing is not necessary if sufficient evidence is submitted to support the request for damages").

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff Massachusetts Mutual Life Insurance Company's Motion for Entry of Default Final Judgment (Dkt. # 10) is hereby **GRANTED**.

2. Final Default Judgment is entered against Mark DeBee in the amount of **$91,491.98**, that shall bear post-judgment interest, for which let execution issue.  The last known address of Mark DeBee is 2610 South Toronto Ave., Tampa, FL 33629.  The address for Massachusetts Mutual Life Insurance Company is 1295 State Street, B205, Springfield, MA 01111.

3. The Clerk is directed to close this case and deny any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on September 15th, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2014\14-cv-1613 Default Final Judgment.docx

9